**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
JUDY M. WALDMAN as Trustee for the    :
Claire Waldman Trust, Individually and on   :
Behalf of All Others Similarly Situated,     :
                                :
               Plaintiff,    :
                                :    **Civil Action No. 1: 08-cv-2913-SAS**
           vs.            :
                                :
WACHOVIA CORPORATION, *et al.*,    :
                                :
             Defendants.    :
---------------------------------------------------------x

**DECLARATION OF DAVID HARRISON IN SUPPORT**
**OF MOTION OF GUSTAVO SPOLIANSKY FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

DAVID C. HARRISON hereby declares pursuant to 28 U.S.C. § 1746 as follows:

       1.      I am a principal of the law firm of Lowey Dannenberg Cohen & Hart, P.C.

("Lowey Dannenberg"), which has been retained as one of the counsel for Gustavo Spoliansky in

this action. The law firm of Schubert Jonckheer Kolbe & Kralowec ("Schubert Jonckheer") is

also counsel for Mr. Spoliansky in this matter.

       2.      I am duly admitted to practice in the State of New York. I make this Declaration

in support of the Motion of Gustavo Spoliansky for appointment as the Lead Plaintiff, and for

approval of his selection of counsel. I have personal knowledge of the facts asserted herein.

       3.      Attached as Exhibit 1 is a true and correct copy of Mr. Spoliansky's Certification.

4.     Attached as Exhibit 2 is a true and correct copy of the initial notice of the filing of a securities class action against Wachovia Corporation and Wachovia Securities LLC, dated March 17, 2008.

5.     Attached as Exhibit 3 is a true and correct copy of the firm resume of Lowey Dannenberg.  As reflected in the resume, Lowey Dannenberg has substantial experience in the prosecution of securities class actions.  Lowey Dannenberg has been recognized as appropriate lead counsel in cases brought pursuant to the PSLRA, including appointments in *In re Bayer AG Securities Litigation*, 03 Civ. 1546 (WHP) (S.D.N.Y.) (representing the New York State Common Retirement Fund and New York State Local Retirement Systems); *In re Juniper Networks, Inc. Securities Litigation*, No. C06-04327-JW (N.D. Cal.) (representing the NYC Pension Funds); *DiRienzo v. Philip Services Corp.*, 232 F.3d 49 (2d Cir. 2000); *In re Cinar Securities Litigation*, No. CV 00 1086 (E.D.N.Y.); *In re Luminent Mortgage Capital Inc. Securities Litigation*, No. C07-4072-PJH (N.D. Cal.); *In re MedPartners Securities Litigation*, No. CV-98-B-0067-S (N.D. Ala.) (representing the Denver Employees Retirement Plan, the pension plan for employees of the city and county of Denver, Colorado, as lead plaintiff); *Winn v. Symons Int'l Group, Inc.*, IP 00-0310C-B/S (S.D. Ind.); *LLOV Partners v. Inco Limited*, Civil Action No. 00-4999 (NHP) (D.N.J.); and *In re United Healthcare Securities Litigation*, No. 98-1888 (JMR/FLN) (D. Minn.).

6.     Attached hereto as Exhibit 4 is a true and correct copy of the firm resume of Schubert Jonckheer.  As reflected in its resume, Schubert Jonckheer has extensive experience in the prosecution of securities class actions and other complex shareholder litigation.  As set forth in its firm resume, Schubert Jonckheer has served as lead counsel in several securities class actions, including *In re Bonneville Pacific Securities Litigation*, No. 92-C-181-S (District of

{0828 / DECL / 00088788.DOC v1}                    2

Utah) and *Garbini v. Protection One, Inc.*, No. 99-3755 (Central District of California).

Schubert Jonckheer has also served as lead or co-lead counsel in other significant shareholder

litigation, including *Tucker v. Scrushy, et al.*, No. CV-02-5212 (Alabama Circuit Court, Jefferson

County), a shareholder derivative action on behalf of HealthSouth Corporation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of May, 2008, at White Plains, New York.

DAVID C. HARRISON

# EXHIBIT 1

## CERTIFICATION RE: LEAD PLAINTIFF

I, Gustavo D. Spoliansky, hereby certify as follows:

1.     I am fully authorized to enter into and execute this Certification individually as the Managing Member of GL Malibu LLC (hereinafter "GL Malibu").

2.     I did not purchase or acquire the Auction Rate Securities in the annexed chart at the direction of counsel or in order to participate in any private action under the federal securities laws.

3.     I have reviewed the Class Action Complaint filed against Wachovia Corporation and Wachovia Securities LLC (collectively "Wachovia"), captioned *Waldman v. Wachovia Corp., et al.*, 08-cv-2913 (SAS), alleging violations of the securities laws on behalf of all those who purchased or otherwise acquired Auction Rate Securities from Wachovia through and including March 19, 2003 to February 13, 2008 (the "Class Period"). As of this date, I adopt these claims and Class Period.

4.     I am willing to serve as lead plaintiff in these consolidated cases, including providing testimony at deposition and trial, if necessary.

5.     My transactions in Auction Rate Securities sold by Wachovia during the Class Period are identified in the annexed chart. They were purchased by me in my personal Wachovia account in April of 2007 and were thereafter continuously rolled over (i.e. repurchased) at their respective reset dates (typically 7 days). I continue to hold these securities in the Wachovia account of GL Malibu.  I and/or GL Malibu have not sought to serve as a lead plaintiff in any class action under the federal securities laws during the last three years.

6.     I will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I declare that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 19, 2008

Gustavo D. Spoliansky, Individually and as
Managing Member of GL Malibu LLC

| Date | Security | Price Paid per Unit | Units Purchased | Total Holdings |
|---|---|---|---|---|
| 4/16/2007 | BLACKROCK MUNIHLDGS CA AUCTION MKT PFD SER A FRIDAY | $25,000 | 8 | $200,000 |
| 4/13/2007 | BLACKROCK CALIF INS MUNI INC TR AUCTION RATE PFD SERIES FRIDAY | $25,000 | 8 | $200,000 |
| 5/3/2007 | BLACKROCK CA MUN INCOME TR AUCTION RATE MUN PFD SER R7 THURSDAY CALLABLE | $25,000 | 6 | $150,000 |
| 4/17/2007 | BLACKROCK CA MUNI INCOME TR AUCTION RATE PFD SER T7 TUESDAY CALLABLE | $25,000 | 4 | $100,000 |
| 4/16/2007 | BLACKROCK CA MUN 2018 AUCTION RATE PFD SERIES M7 MONDAY | $25,000 | 6 | $150,000 |
| 4/13/2007 | BLACKROCK CA MUNI BOND TR AUCTION RATE PFD SER F7 FRIDAY PERPETUAL | $25,000 | 4 | $100,000 |
| 4/13/2007 | BLACKROCK MUNIHOLDINGS CALIF INSD D INC SER B | $25,000 | 8 | $200,000 |
| 4/18/2007 | BLACKROCK MUNIYIELD CALIF INSD FD IND SER F WEDNESDAY | $25,000 | 8 | $200,000 |
| 4/19/2007 | EATN VNCE INSD CALI M/B AUCTION RATE SER B THURSDAY | $25,000 | 8 | $200,000 |
| 4/18/2007 | EATON VAN-CA II PFD AUCTION RATE SERIES WEDNESDAY | $25,000 | 7 | $175,000 |
| 5/3/2007 | NUVEEN CALIFORNIA PREM INC MUNI PREFERRED TH | $25,000 | 8 | $200,000 |
| 4/13/2007 | NUVEEN CALIF PERFORMANC PLUS MUN FD INC PFD F | $25,000 | 6 | $150,000 |
| 4/16/2007 | NUVEEN CALIF INVESTMENT QUALITY PFD M | $25,000 | 8 | $200,000 |
| 5/2/2007 | NUVEEN CALIF SELECT PFD QUAL MUN FD INC AUCTION RATE SER W | $25,000 | 8 | $200,000 |
| 4/16/2007 | NUVEEN CA PREM INC MUN FD MUN AUCTION RATE PFD SER M | $25,000 | 8 | $200,000 |
| 8/24/2007 | PIMCO CALIF MUN INCOME FD II AUTION RATE PFD SER E FRIDAY PERP/CALL | $25,000 | 8 | $200,000 |
| 5/2/2007 | VAN KAMPEN CA VALUE MUN INCOME TR AUCTION PFD WEDNESDAY | $25,000 | 8 | $200,000 |
| | | Total | 121 | $3,025,000 |

# EXHIBIT 2

# Girard Gibbs LLP Announces Class Action Lawsuit Filed Against Deutsche Bank AG (NYSE:DB)

March 17, 2008 3:42 PM ET

The law firm of Girard Gibbs LLP
(http://www.girardgibbs.com) announces that it is



advertisement

has filed a class action lawsuit on behalf of persons who purchased Auction Rate Securities from Deutsche Bank AG DB and Deutsche Bank Securities, Inc. between March 17, 2003 and February 13, 2008, inclusive (the "Class Period"), and who continued to hold such securities as of February 13, 2008.

The class action, captioned Kraemer v. Deutsche Bank AG, et al., 08-cv-2788 (LAP), is pending in the United States District Court for the Southern District of New York. The class action is brought against Deutsche Bank AG and its wholly-owned broker-dealer subsidiary, Deutsche Bank Securities, Inc.

The Complaint alleges that Deutsche Bank violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by deceiving investors about the investment characteristics of auction rate securities and the auction market in which these securities traded. Auction rate securities are either municipal or corporate debt securities or preferred stocks which pay interest at rates set at periodic "auctions." Auction rate securities generally have long-term maturities or no maturity dates.

The Complaint alleges that, pursuant to uniform sales materials and top-down management directives, Deutsch Bank offered and sold auction rate securities to the public as highly liquid cash-management vehicles and as suitable alternatives to money market mutual funds. According to the Complaint, holders of auction rate securities sold by Deutsche Bank and other broker-dealers have been unable to liquidate their positions in these securities following the decision on February 13, 2008 of all major broker-dealers including Deutsche Bank to "withdraw their support" for the periodic auctions at which the interest rates paid on auction rates securities are set.

The Complaint alleges that Deutsche Bank failed to disclose the following material facts about the auction rate securities it sold to the class: (1) the auction rate securities were not cash alternatives, like money market funds, but were instead, complex, long-term financial instruments with 30 year maturity dates, or longer; (2) the auction rate securities were only liquid at the time of sale because Deutsche Bank and other broker-dealers were artificially supporting and manipulating the auction rate market to maintain the appearance of liquidity and stability; (3) Deutsche Bank and other broker-dealers routinely intervened in auctions for their own benefit, to set rates and prevent all-hold auctions and failed auctions; and (4) Deutsche Bank continued to market auction rate securities as liquid investments after it had determined that it and other broker dealers were likely to withdraw their support for the periodic auctions and that a "freeze" of the market for auction rate securities would result.

If you purchased or otherwise acquired Auction Rate Securities from Deutsche Bank between March 17, 2003 and February 13, 2008, and continued to hold such securities as of February 13, 2008, you may, no later than May 16, 2008, request that the Court appoint you as lead plaintiff. A lead plaintiff is a representative party acting on behalf of other class members in directing the litigation. To be appointed lead plaintiff, the Court must decide that your claim is typical of the claims of other class members, and that you will adequately represent the class. Your ability to share in any recovery is not affected by the decision whether or not to serve as a lead plaintiff. You may retain Girard Gibbs LLP, or other attorneys, to serve as your counsel in this action.

If you wish to discuss your rights as an investor in auction rate securities through Deutsche Bank or any other brokerage, please contact Girard Gibbs LLP toll-free at (866) 981-4800. A copy of the complaint is available from the Court, or can be viewed on Girard Gibbs LLP's website at: http://www.girardgibbs.com/auctionrate.html.

Girard Gibbs LLP is one of the nation's leading firms representing individual and institutional investors in securities fraud class actions and litigation to correct abusive corporate governance practices, breaches of fiduciary duty and proxy violations. For more information, please access the firm's web site, www.girardgibbs.com/auctionrate.html. To discuss this class action with us, please contact the following attorneys:

Daniel C. Girard (dcg@girardgibbs.com)

Jonathan K. Levine (jkl@girardgibbs.com)

Aaron M. Sheanin (ams@girardgibbs.com)

601 California Street, 14th Floor

San Francisco, CA 94108

Phone number: (866) 981-4800

Website: http://www.girardgibbs.com/auctionrate.html *Contact Information:* Girard Gibbs LLP Daniel C. Girard, 415-981-4800

Jonathan K. Levine, 415-981-4800 Aaron M. Sheanin, 415-981-4800

Copyright 2008 BusinessWire

advertisement

Sponsored Links

**Auction Rate Securities**
Stuck in an auction rate security? Speak to an attorney.
www.girardgibbs.com/auctionrate

**Class Action Law Firm**
Air Pollution & Flooding Class Actions Call Today!
www.miclassaction.com

**Send to Philippine Banks**
$10 flat fee. Direct deposit to Deutsche Bank.
www.remithome.com

**Class Action Lawyers**
Goren and Goren, P.C. Free Consultation
www.consumerprotection.com

**Data providers**
Copyright © 2008 Reuters. Click for Restrictions.
Quotes supplied by Interactive Data

# EXHIBIT 3

# RESUME OF
## LOWEY DANNENBERG COHEN & HART, P.C.

**White Plains Plaza**          **Four Tower Bridge**
**One North Broadway - Suite 509**          **200 Barr Harbor Drive, Suite 400**
**White Plains, NY I060I-2310**          **West Conshohocken, PA  19428-2977**
**Telephone:  914-997-0500**          **Telephone:  610-941-2760**
**Fax:  914-997-0035**          **Fax:  610-862-9777**

**lowey@WestNet.com (E-Mail)**
**www.lowey.com**

Since the 1960s, Lowey Dannenberg Cohen & Hart, P.C. (The "Lowey firm" or "the firm") has specialized in complex litigation, generally representing plaintiffs.  The firm's eighteen lawyers, of counsel attorneys, experienced paralegals and support staff are committed to achieving the best possible results on behalf of their clients and the investor class(es) they represent.

Our regular clients are institutional and other large investors and health benefit insurers.  The Lowey firm has achieved many notable successes over the years that have resulted in recoveries aggregating billions of dollars.

### Investor Litigation

The Lowey firm represents investors.  Our clients' cases involve securities and commodities fraud, coercive mergers and tender offers, statutory appraisal proceedings, proxy contests and election irregularities, failed corporate governance, stockholder agreement disputes, and customer/brokerage firm arbitration proceedings.

Our investor litigation practice group has recovered billions of dollars in the aggregate for our clients.  But the value of our accomplishments is measured by more than dollars.  We have also achieved landmark, long term corporate governance changes at

1631 / MISC / 00088822.WPD v1

public companies, including reversing results of elections and returning corporate control to the companies' rightful owners, its stockholders.

The Firm's institutional investor clients include the New York City Pension Funds, the New York State Common Retirement Fund, Federated Investors, Glickenhaus & Co., the Denver Employees Retirement Plan, Millennium Partners and Karpus Investment Management.

### Prescription Drug Overcharge Litigation

The Lowey firm has become the nation's premier litigation firm for health insurers to recover overcharges for prescription drug and other medical products and services. Our skills in this area are recognized by the largest payers for pharmaceuticals in the United States, including Aetna, CIGNA, Humana, and Wellpoint, who frequently retain the firm to assert claims against pharmaceutical manufacturers for conduct resulting in overpriced medication.

### Commitment to Clients

In both the investor litigation and prescription overcharge litigation fields, the Lowey firm has distinguished itself from its competitors with its commitment to advising its clients to take other than traditional routes. The Firm's reward has been its retention as the plaintiff's law firm of choice by the most diverse blue chip clientele of any U.S. plaintiff's law firm.

Through contingency or other flexible fee arrangements, the Lowey firm commits its financial and intellectual resources to achieving the best possible results for its clients. The firm takes on cutting-edge legal issues, and has brought about significant expansions

of the rights of plaintiffs under federal and state securities, antitrust, corporation, and deceptive practice laws.

### Client Recoveries

Recent achievements for our clients include the following:

- On March 19, 2007, the United States District Court for the Southern District of New York approved a $79,750,000 settlement of a class action, in which the Lowey firm acted as Co-Lead Counsel, on behalf of United States investors of Philip Services Corp., a bankrupt Canadian resource recovery company. $50,500,000 of the settlement was paid by the Canadian accounting firm of Deloitte & Touche, LLP, which the Lowey firm believes is the largest recovery from a Canadian auditing firm in a securities class action, and among the largest obtained from any accounting firm. In re Philip Services Corp., Securities Litigation, 98 Civ. 835 (AKH) (S.D.N.Y.) Earlier in the litigation, the United States Court of Appeals for the Second Circuit issued a landmark decision protecting the rights of United States citizens to sue foreign companies who fraudulently sell their securities in the United States. DiRienzo v. Philip Services Corp., 294 F.3d (2d Cir.), cert. denied, 123 S.Ct. 556 (2002).

- The Lowey firm's innovative strategy and aggressive prosecution produced an extraordinary recovery in the fall of 2005 for the New York City Pension Funds in the WorldCom Securities Litigation, substantially superior to that of any other WorldCom investor in either class or opt-out litigation. Following our advice to opt out of a class action in order to litigate their claims separately, the New York City Pension Funds recovered almost $79 million, including 100% of their damages resulting from investments in WorldCom bonds.

- On May 19, 2006, the United States District Court for the Southern District of New York approved a $72,762,500 partial settlement of a class action on behalf of entities and persons who traded New York Mercantile Exchange natural gas futures contracts. Since that hearing, additional settlements which were preliminarily approved by the Court on February 12, 2007, have brought the total settlements to date to $100 million. The Lowey firm is co-lead counsel for a class of plaintiffs who allege that the defendants manipulated the prices of natural gas futures and options contracts by reporting inaccurate, misleading, and false information concerning physical commodity trades to trade publications that compile and publish indices of natural gas spot prices. In re Natural Gas Commodity Litigation, No. 03 CV 6186 (VM) (S.D.N.Y.).

- On September 25, 2006 the Lowey firm helped Laddcap Value Partners win an emergency appeal, reversing a federal district court's order disqualifying the votes Laddcap had solicited to replace the board of directors of Delcath Systems, Inc. Prior to our involvement in the case, on September 20, 2006, Laddcap, which was Delcath's largest stockholder, had been enjoined by the district court from submitting stockholder consents it had solicited on the grounds of unproven claimed violations of federal securities law. After losing an injunction proceeding in the district court on September 20, 2006 and with the election scheduled to close on September 25, 2006, Laddcap hired the Lowey firm to prosecute an emergency appeal, which was won on September 25, 2006, the last day of the election period. Shortly thereafter, the case was settled with Laddcap gaining seats on the board, reimbursement of expenses, and other benefits. <u>Delcath Systems, Inc. v. Laddcap Value Partners</u>, 2006 WL 27239981 (2d Cir. Sept. 25, 2006).

- The Lowey firm represented Karpus Investment Management in its successful proxy contest and subsequent litigation to prevent the transfer of management by Citigroup to Legg Mason of the Salomon Brothers Municipal Partners Fund. We defeated the Fund's preliminary injunction action which sought to compel Karpus to vote shares it had solicited by proxy but withheld from voting in order to defeat a quorum and prevent approval of the transfer. <u>Salomon Brothers Mun. Partners Fund, Inc. v. Thornton</u>, 410 F. Supp. 2d 330 (S.D.N.Y. 2006).

- The Lowey firm acted as co-lead counsel for a class of seatholders seeking to enjoin the merger between the New York Stock Exchange and Archipelago Holdings, Inc. As a result of the action, the merger terms were revised, providing the seatholders with more than $250 million in additional consideration. In addition, the NYSE agreed to retain an independent financial adviser to report to the Court as to the fairness of the deal to the NYSE seatholders. Plaintiffs also provided the Court with their expert's analysis of the new independent financial adviser's report. Both reports were provided to the seatholders prior to the merger vote. The Court noted that "these competing presentations provide a fair and balanced view of the proposed merger and present the NYSE Seatholders with an opportunity to exercise their own business judgment with eyes wide open. The presentation of such differing viewpoints ensures transparency and complete disclosure." <u>In re New York Stock Exchange/Archipelago Merger Litigation</u>, (N.Y. Sup. Ct. December 5, 2005).

- On July 8, 2005, the United States District Court for the Southern District of Florida approved a $28,700,000 settlement of a class action on behalf of consumers and third party payers against Abbott Laboratories and Geneva Pharmaceuticals, charging that they monopolized and unreasonably restrained trade in the market for the prescription drug Hytrin and its generic equivalents. The Lowey firm was lead counsel for the class in this six-year litigation. The Court had previously certified a 17-state class of indirect

purchasers consisting of consumers and third party payers in In re Terazosin Hydrochloride Antitrust Litig., 2004 U.S. Dist. LEXIS 6176 (S.D. Fla. April 8, 2004). The Court complimented our performance and experience in this hard-fought case.

- The Lowey firm represented Glickenhaus & Co., a major registered investment advisor and, at the time, the second largest stockholder of Chrysler, in a non-class securities lawsuit against DaimlerChrysler AG. Successful implementation of the firm's opt-out strategy led to a recovery for its clients far in excess of that received by other class members. See In re DaimlerChrysler AG Sec. Litig., 197 F. Supp. 2d 42 (D. Del. 2002); In re DaimlerChrysler AG Sec. Litig., Civ. Action Nos. 00-993/00-984/01-004JJF Cons. Action, 2003 U.S. Dist. LEXIS 10964, Fed. Sec. L. Rep. (CCH) ¶92,244 (D. Del. June 25, 2003).

- Following a three day bench trial in a statutory appraisal proceeding, the Delaware Chancery Court awarded our clients, an institutional investor and investment advisor, $30.43 per share plus compounded prejudgment interest, for a transaction in which the public shareholders who did not seek appraisal were cashed out at $28 per share. Doft & Co. v. Travelocity.com, Inc., No. Civ. A. 19734, 2004 WL 1152338 (May 20, 2004), modified, 2004 WL 1366994 (Del. Ch. June 10, 2004).

- The United States District Court for the Eastern District of Michigan approved an $80,000,000 settlement of a class action on behalf of consumers and third party payers against Aventis S.A. and Andrx Corp., charging that they monopolized and unreasonably restrained trade in the United States market for Cardizem CD and its generic bioequivalents. In re Cardizem CD Antitrust Litigation, 218 F.R.D. 508 (E.D. Mich. 2003) appeal dismissed, 391 F.3d 812 (6th Cir. 2004), cert. denied, 125 S. Ct. 2297 (2005). Previously, the United States Court of Appeals for the Sixth Circuit unanimously affirmed a landmark summary judgment of per se liability against defendants. In re Cardizem CD Antitrust Litig., 332 F.3d 896 (6th Cir. 2003), affirming, 105 F. Supp. 2d 682 (E.D. Mich. 2000). The Lowey firm was lead counsel for the class and argued both successful appeals.

- In an action in which the Lowey firm acted on behalf of an institutional investor as Co-Lead Counsel, the Delaware Supreme Court enjoined a proposed merger between NCS Healthcare, Inc. and Genesis Health Ventures, Inc., accepting our argument that the NCS board had breached its fiduciary obligations by agreeing to irrevocable merger lock-up provisions. As a result of the injunction, the NCS shareholders were able to obtain the benefit of a competing takeover proposal by Omnicare, Inc. of 300% more than that offered in the enjoined transaction, providing NCS's shareholders with an additional $99 million. Omnicare, Inc. v. NCS Healthcare, Inc., 818 A.2d 914 (Del. 2003).

- The Supreme Court of the State of New York, County of New York, approved a $22.8 million settlement on behalf of a class of current and former holders of credit cards issued by MBNA bank who took cash advances in response to an MBNA promotion. The Court noted that the Lowey firm is an "able law firm having long-standing experience in commercial class action litigation." Broder v. MBNA Corp., No. 605153/98 (Sup. Ct., N.Y. County, April 11, 2003).

- The United States District Court for the District of Delaware approved, and the Third Circuit Court of Appeals affirmed, a $44.5 million class action settlement paid by DuPont Pharmaceuticals to consumers and third party payers nationwide to settle claims of unfair marketing practices in connection with the prescription blood thinner Coumadin. The Lowey firm, which had been appointed by the District Court to the plaintiffs' executive committee as the representative of third party payers, argued the successful appeal. In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516 (3rd Cir. 2004).

- The Lowey firm successfully represented an affiliate of Millennium Partners, a major private investment fund, in litigation in the Delaware Chancery Court that resulted in the voiding of two elections of directors of meVC Draper Fisher Jurvetson Fund 1, Inc., a NYSE-listed closed end mutual fund, on grounds of breach of fiduciary duty, and in a subsequent proxy contest litigation in the United States District Court for the Southern District of New York, that resulted in the replacement of the entire board of directors with Millennium's slate. meVC Draper Fisher Jurvetson Fund 1, Inc. v. Millennium Partners, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); Millenco L.P. v. meVC Draper Fisher Jurvetson Fund 1, Inc., 824 A.2d 11 (Del. Ch. 2002).

- In a case in which the Lowey firm acted as Lead Counsel, the Firm obtained a $27.25 million settlement on behalf of our client the Federated Kaufmann Fund and a class of purchasers of securities of CINAR Corporation. The court found that "the quality of [the Lowey firm's] representation has been excellent." In re CINAR Securities Litigation, Master File No. 00 CV 1086 (E.D.N.Y., Dec. 2, 2002).

- In proceedings in which the Lowey firm acted as co-counsel to a Bankruptcy Court-appointed Estate Representative, the firm obtained recoveries in a fraudulent conveyance action totaling $106 million. In re Reliance Securities Litigation, MDL 1304 (D. Del. 2002).

The Lowey firm represents numerous institutional investors. After a highly competitive selection process, we were selected by the New York State Common Retirement Fund (the "CRF"), the third largest public pension fund in the United States, with assets exceeding $140 billion, to serve as one of its designated securities litigation

counsel. We currently represent the CRF as Lead Counsel in a securities class action in which the CRF is serving as the court appointed Lead Plaintiff. In re Bayer AG Securities Litigation, 03 Civ. 1546 (WHP) (S.D.N.Y.).

Similarly, the Lowey firm was selected to serve as one of the securities litigation counsel to represent the New York City Pension Funds (the "NYC Funds") having combined assets of more than $110 billion. We currently represent the NYC Funds as Lead Counsel in a securities class action in which the NYC Funds are serving as the court appointed Lead Plaintiffs. In re Juniper Networks, Inc. Sec. Litig., No. C-06-05303 JW (N.D. Cal). In addition, as noted above, we represented the NYC Funds in the WorldCom litigation. Because of the firm's expertise, the firm was also appointed by the Court to serve as Liaison Counsel for the non-class lawsuits arising out of the WorldCom fraud; in that capacity, the firm was responsible for coordinating discovery in more than 80 actions related to the largest financial fraud in United States history.[1]  See In re WorldCom Securities Litigation, Master File No. 02 Civ. 3288 (DLC), 2003 U.S. Dist. LEXIS 8979 (S.D.N.Y. May 28, 2003). The Lowey firm was also recently appointed Lead Counsel in In re Luminent Mortgage Capital Inc. Securities Litigation, No. C07-4073-PJH (N.D. Cal.).

**The Lowey Firm's Recognized Expertise**

The attorneys of the Lowey firm have been repeatedly recognized by the courts as expert practitioners in the field of complex litigation. For example, in the WorldCom Securities Litigation, the Court repeatedly praised the contributions and efforts of the firm's principal Neil L. Selinger: "I want to thank Mr. Selinger again publicly. I have done it many

---

[1]    Prior to the WorldCom matter, the Lowey firm was retained to represent the NYC Funds in securities litigations involving Enron and McKesson HBOC, Inc.

a time during the course of this litigation.  He has performed a marvelous service." In re WorldCom, Inc. Securities Litigation, 02 Civ. 3288 (DLC), hearing transcript of November 5, 2004 at 76.  Similarly, on November 10, 2004, the Court found that "the Lowey Firm, and in particular Neil Selinger of that firm, has worked tirelessly to promote harmony and efficiency in this sprawling litigation. . . . [the Lowey firm] has done a superb job in its role as Liaison Counsel, conducting itself with professionalism and efficiency. . . ." In re WorldCom, Inc. Securities Litigation, 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004).

Similarly, in the Oracle Securities Litigation, Judge Vaughn Walker repeatedly praised the performance of the firm.  See In re Oracle Securities Litigation, 852 F. Supp. 1437, 1454, 1459 (N.D. Cal. 1994) ["The Lowey firm's high caliber representation of the class against the Oracle defendants served as tangible evidence of its ability to represent the class against Andersen....  Class counsel's able, persistent and patient performance in achieving the present recovery has not gone unnoticed"].  See also related opinions 829 F. Supp. 1176 (N.D. Cal. 1993); and 136 F.R.D. 639, 649 n.23 (N.D. Cal. 1991) ["The Lowey firm's papers have been thoughtful and to the point...."].

The Court in Winston v. Mezzanine Investments, L.P., Index No. 28657/91 (Sup. Ct. N.Y. Co. Dec. 22, 1997), following victory at trial and an $8,000,000 recovery for a class of investors, expressed the view that the attorneys of the Lowey firm "are highly experienced specialists" whose work is "of very high quality."  The Court in In re Seagate Technology, Inc. Shareholders Litigation, CA No. 17932 (Del. Ch. Apr. 9, 2001), in approving a $200 million settlement in an action in which the Lowey firm served as co-lead counsel, stated that the attorneys of the Lowey firm "did highly skilled work against highly skilled opposition.  I read the opening brief carefully ... it was very well done and a piece of work ... there was some high-wall lawyering done here."  Snyder v. Nationwide

Insurance Company, Index No. 97/0633 (Sup. Ct. Onondaga Co. December 17, 1998) (finding that the attorneys of the Lowey firm are "great attorneys" who did a "very, very good job" for the class, and that the Lowey firm makes "attorneys look good"); In re MobileMedia Securities Litigation, Civil No. 96-5723 (D.N.J. February 7, 2000) (describing the firm as "expeditious," "efficient," and "professional").

**Other Recoveries For Our Clients**

Other examples of the Firm's successful efforts include:

- A recovery by settlement of approximately $100 million in policy refunds or adjustments, discounted premiums, and discounted products for a national class of purchasers of life insurance policies issued by Nationwide Mutual Insurance. Snyder v. Nationwide Insurance Company, Index No. 97/0633 (Sup. Ct. Onondaga Co. 1998). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $110,000,000 for a class of purchasers of various taxable municipal bonds. In re Taxable Municipal Bond Securities Litigation, Master File No. MDL 863 (E.D. La. 1995). Firm acted as member of the executive committee of plaintiffs' counsel.

- The recovery by settlement of approximately $618,000,000 for the public shareholders of Standard Oil Company in connection with the acquisition by its controlling stockholder, British Petroleum Acquisition p.l.c. In re The Standard Oil Company/British Petroleum Litigation, Consolidated Case No. 126760 (Court of Common Pleas, Cuyahoga County, Ohio 1987). Firm acted as co-lead counsel.

- A recovery by settlement of more than $180,000,000 for public shareholders of Shell Oil Company after a successful motion for a preliminary injunction against a tender offer by the Royal Dutch/Shell group of companies, the majority shareholder. See Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $75,000,000 for former public shareholders of Triangle Industries, Inc. See In re Triangle Industries, Inc. Shareholders Litigation, Delaware Chancery Court, Consolidated Action No. 10466. Firm acted as co-lead counsel.

- A recovery by settlement of $72,500,000 for sellers of the stock of RJR Nabisco, Inc. In re RJR Nabisco, Inc. Securities Litigation, M.D.L. Docket No. 818 (MBM) (S.D.N.Y. 1992). Firm acted as sole lead counsel.

- A recovery by settlement of more than $44 million in policy refunds or adjustments or additional paid-up life insurance policies for a national class of purchasers of life insurance policies issued by the Country Life Insurance Company. Duckworth v. Country Life Insurance Company, 98 CH 01046 (Cir. Ct., Cook Co., Ill. 2000).

- A recovery by settlement of approximately $35,500,000 for public bondholders of Burlington Northern Railroad Co. Rievman v. Burlington Northern Railroad Co., 118 F.R.D. 29 (S.D.N.Y. 1987). During the course of the action, the firm obtained a preliminary injunction against a tender offer and defeasance plan by Burlington Northern Railroad Co. relating to certain railroad bonds. 618 F. Supp. 592 and 644 F. Supp. 168 (S.D.N.Y.). Firm was sole lead counsel.

- Recoveries by settlement exceeding $30,000,000 for classes of third-party payers and patients for alleged overcharges for clinical laboratory testing. In re SmithKline Beecham Clinical Laboratories, Inc. Laboratory Test Billing Practices Litigation, 3: 97-CV-1795 (AVC) (D. Ct. 2001); May v. SmithKline Beecham Clinical Laboratories, Inc., C.A. No. 97-L-1230 (Cir. Ct., Madison Co., Ill. 2001). Firm acted as co-lead counsel.

- A recovery by settlement exceeding $27,000,000 for a class of purchasers of securities of MobileMedia, Inc. In re MobileMedia Securities Litigation, Civil No. 96-5723 (D.N.J. 2000). Firm acted as co-lead counsel.

- A recovery by settlement of $25,300,000 for a class of third-party payers settling claims for overcharges for the generic versions of the prescription drugs lorazepam and clorazepate. In re Lorazepam and Clorazepate Antitrust Litigation, MDL No. 99-1290 (TFH) (D.D.C. 2002). Firm acted as lead counsel.

- A recovery by settlement of $25,000,000 for a class of purchasers of securities of Oracle Systems Corporation. In re Oracle Securities Litigation, Master File C-90-0931 (VRW) (N.D. Cal. 1994). Firm acted as sole lead counsel.

- A recovery by settlement of $25,000,000 for a class of sellers of shares of Columbia Pictures Entertainment, Inc. The firm acted as sole lead counsel in the case, which was prosecuted for more than five years and involved, among many other hurdles, a motion to dismiss (In re Columbia Securities Litigation, 747 F. Supp. 237 (S.D.N.Y. 1990)), a motion for summary judgment (155 F.R.D. 466 (S.D.N.Y. 1994)) and considerable discovery in and from Japan.

- A recovery by settlement of $24,000,000 for a class of purchasers of securities of Arakis Energy Corporation. In re Arakis Energy Corp. Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶91,646 (E.D.N.Y. August 17, 2001). Firm acted as co-lead counsel.

- A recovery by settlement of $21,100,000 for holders of rights to purchase the common stock of Crown Zellerbach Corporation, in connection with the acquisition of Crown Zellerbach assets. In re Crown Zellerbach Corporation Rights Plan, No. 85-C-3286 (N.D. Ill. 1986). Firm acted as co-lead counsel.

- A recovery by settlement of more than $20,000,000 for a class of purchasers of securities of Pepsi Cola Puerto Rico Bottling Co. Turabo Medical Center v. Beach, No. 96-2250 (DRD) (D. P.R. 1997). Firm acted as co-lead counsel.

- A recovery by settlement of $19,500,000 for a class of purchasers of securities of Raychem Corporation. Cytryn v. Cook, 89-20801-RFP (N.D. Cal. 1992). Firm acted as co-lead counsel.

- A recovery by settlement of $19,000,000 for a class of purchasers of shares of General Electric Company. The Lowey firm acted as sole lead counsel in the case, which was prosecuted for more than six years and involved, among many obstacles to recovery, motions to dismiss (In re Kidder Peabody Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶99,030 (S.D.N.Y. 1995)), motions for summary judgment (10 F. Supp. 2d 398 (S.D.N.Y. 1998)), and a leading decision compelling production by defendants' counsel of witness interview notes (168 F.R.D. 459 (S.D.N.Y. 1996)).

- A recovery by settlement of $17,600,000 for former preferred shareholders of Genesco Inc. after successful trial and appeal. See Denco v. Genesco, 427 N.Y.S.2d 434 (1st Dep't 1980). Firm was sole lead counsel.

- A recovery after trial of approximately $13,000,000 for 115 residents of Mexico and Latin America, whose status as depositors of the insolvent American Bank and Trust Co. had been challenged by the Federal Deposit Insurance Corporation. In the Matter of American Bank & Trust Co., Index No. 18649/76 (Sup. Ct., N.Y. Co. 1979). Firm acted as sole lead counsel.

In other cases, the Lowey firm has achieved substantial relief of a non-monetary nature which ultimately led to important benefits for investors. Examples include:

- In connection with a successful takeover fight involving meVC Draper Fisher Jurvetson Fund I, we successfully persuaded ISS, the largest proxy advisory service company in the United States, and the New York Stock Exchange, to revise their previous approvals of meVC's proxy proposal to approve

investment advisor contracts which would have been renewable without shareholder approval. That resulted in all NYSE broker-dealers withdrawing their proxies previously given to management, and led to the defeat of the management proposal at the shareholders' meeting.

- Establishing the standing of purchasers of call options to sue under Section 10(b) of the Securities Exchange Act of 1934, Deutschman v. Beneficial Corp., 841 F.2d 502 (3d Cir. 1988), reversing 668 F. Supp. 358 (D. Del. 1987).

- Protecting shareholder voting rights in connection with a merger through an expedited trial. Kansas City Power & Light v. Western Resources, 939 F. Supp. 688 (W.D. Mo. 1996).

- As co-lead class counsel, obtaining a temporary restraining order and then a preliminary injunction barring a restructuring of Macmillan, Inc. Robert M. Bass Group, Inc. v. Evans, 552 A.2d 1227 (Del. Ch. 1988); and later in the litigation, obtained an injunction from the Delaware Supreme Court enjoining a lockup agreement given to a favored bidder. Mills Acquisition Co. v. Macmillan, Inc., 559 A.2d 1261 (Del. 1989).

- Effecting modifications valued at between $16,000,000 to $37,600,000 of compensation and pension benefits granted to the chief executive officer of Citizens Utilities Company. In re Citizens Utilities Company Shareholders Litigation, Civil Action No. 12992 (Del. Ch. 1995). Firm acted as co-lead counsel.

- Obtaining, following the hearing of a motion for a preliminary injunction, the return of more than $10,000,000 withdrawn by insiders from Simplicity Pattern Company. Roth v. Lacey, No. 09391/82 (Sup. Ct. N.Y. Co. 1982).

- Preserving for the Dreyfus Fund its ownership rights in the valuable lion trademark, Korenstein v. Dreyfus Corp., 77 Civ. 2521, 78 Civ. 3794 (S.D.N.Y. 1980), and similarly preserving for the Oppenheimer Fund its ownership rights in the valuable clasped hands trademark, The Leslie Katz Retirement Plan v. Oppenheimer Management Corp., 212 U.S.P.Q. 191 (S.D.N.Y. 1980). Firm was sole lead counsel.

# EXHIBIT 4

# SCHUBERT & REED LLP

## PRACTICE AND HISTORY

**Schubert & Reed LLP** is AV rated by the Martindale-Hubbell Law Directory. Together with its predecessor firms, the Law Offices of Robert C. Schubert and the Law Offices of Juden Justice Reed, it has been in operation for over twenty-five years. In addition to prosecuting cases in the California federal and state courts, the firm has been actively involved in multi-district securities and other class actions throughout the United States. Schubert & Reed has been Lead Counsel or Co-Lead Counsel in class actions and shareholder derivative cases which have produced monetary recoveries of over $315 million. These have included the following:

**Tucker v. Scrushy, et al.,** No. CV-02-5212 (Alabama Circuit Court, Jefferson County). Co-Lead Counsel in shareholder derivative action on behalf of HealthSouth Corporation alleging officer and director breaches of fiduciary duty and insider trading arising from a multi-billion dollar restatement of previously reported financial results. Partial summary judgment for unjust enrichment granted against former CEO Richard Scrushy for restitution to HealthSouth of $47.8 million bonuses with interest paid to Scrushy during fiscal years 1997-2002 pursuant to a stated policy requiring that bonuses be paid from net profits. In fact, following restatement, it was revealed that the Company had never had net profits from which to pay Scrushy bonuses during the fiscal years 1997-2002. The judgment was affirmed on appeal to the Alabama Supreme Court, **Scrushy v. Tucker,** --- So.2d ----, 2006 WL 2458818, Ala., August 25, 2006 (1050564.). Plaintiffs thereafter settled HealthSouth's claims against additional HealthSouth directors and officers for $100 million. **Tucker v. Scrushy, et al.,** No. CV-02-5212 (Alabama Circuit Court, Jefferson County)(Order dated January 11, 2007). Co-Counsel in a related case, **In re HealthSouth Corp. Shareholders Litigation.,** 845 A.2d 1096 (Del. Ch. 2003), aff'd 847 A.2d 1121 (Del.Supr. 2004), in which the Delaware Chancery Court granted summary judgment for unjust enrichment and equitable fraud against Richard Scrushy arising from his purported repayment with HealthSouth stock of a $25 million loan that Scrushy was obligated to pay in cash. The judgment resulted in an immediate $17.5 million recovery to HealthSouth. Collectively, we obtained in excess of $165 million in judgments against Scrushy and other HealthSouth fiduciaries for the benefit of HealthSouth and its shareholders.

**Bonneville Pacific Corporation Securities Litigation,** No. 92-C-181-S (District of Utah). Co-Lead Counsel in securities class action involving fraudulent financial statements by a large power cogeneration company. We obtained settlements totaling $26 million for the class, which recovered 100% of its damages, in one of the largest securities fraud cases in Utah history. We also obtained a decision from the Utah Supreme Court holding that plaintiffs need not plead or prove reliance to proceed under the Utah Uniform Securities Act. **Gohler v. Wood,** 919 P. 2d 561 (Utah 1996).

**Qwest Communications International, Inc. Derivative Litigation,** No. 02-CV-8188 (Colorado District Court, City and County of Denver). Co-Lead Counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty and insider

trading arising out of massive earnings restatement by telecommunications company. Defendants attempted to derail the case, seeking a stay based upon previously filed but inactive Federal derivative action. We defeated the motion, reviewed and analyzed over 7 million pages of documents, and recovered $25 million for the company. The settlement included important corporate governance changes, including the requirement of a lead independent director when the chairman of the board is also the chief executive officer.

**Kirschenbaum v. Electronic Arts, Inc.**, Case No. CIV 440876 (California Superior Court, San Mateo County). Co-Lead Counsel in class action seeking to recover unpaid overtime compensation for computer graphics artists employed in California by Electronic Arts Inc. ("EA"), the world's largest manufacturer of computer video games. The case was settled after the parties conducted formal and informal discovery, and we reviewed thousands of pages of company records. The settlement totaled $15.6 million, for approximately 618 class members. We believe this is the first class action involving recovery of overtime compensation for computer graphics artists in the electronic game industry.

**Raider v. Sunderland**, Civil Action No. 19357 NC (Delaware Chancery Court).  Co-Lead Counsel in shareholder class action alleging breach of fiduciary duty by controlling shareholders of large cement company in connection with its acquisition of related company owned by controlling shareholders.  We recovered $15 million ($8 per share) for minority shareholders after obtaining class certification, reviewing approximately 30,000 documents, deposing numerous fact and expert witnesses, and preparing the case for trial.  The recovery exceeded 50% of the damage calculation of plaintiff's valuation expert.

**ADAC Laboratories Derivative Litigation**, No. CV 779262 (California Superior Court, Santa Clara County). Co-Lead Counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty and insider trading arising from false financial statements issued by a scientific instruments manufacturer. These financial statements were restated after "side letters" and other improper revenue recognition practices were uncovered.  Defendants sought a stay based upon federal securities class actions arising from the same facts.  We defeated that motion, obtained thousands of documents well ahead of the federal actions, and recovered $12 million for the company, representing the bulk of its insurance coverage.

**In Re Savings Investment Service Corporation Loan Commitment Litigation**, MDL 718 (Western District of Oklahoma). Co-Lead Counsel in securities class action arising from default of $9.85 million issue of industrial revenue bonds issued to finance a hotel in Westminster, Colorado. After extensive discovery and motion practice we obtained a recovery of approximately $8.0 million for the class.

**Emulex Shareholder Derivative Cases,** Judicial Coordination Proceeding No. 4194 (California Superior Court, Orange County). Co-Lead Counsel in shareholder derivative actions alleging officer and director breaches of fiduciary and insider trading arising from order delays for optical networking hardware. Although the case was initially stayed, we

succeeded in lifting the stay and obtaining over 100,000 pages of company documents, eventually obtaining an $8 million settlement for the company.

**Garbini v. Protection One, Inc.,** Civil Action No. 99-3755 (Central District of California). Lead Counsel in securities class action arising from three successive restatements of three years' audited and publicly reported financial results by America's second-largest home security monitoring company. Plaintiffs asserted claims under Section 11 of the Securities Act of 1933 and Section 10 of the Securities Exchange Act of 1934, alleging use of an excessively long period to amortize the cost of acquired customer accounts. We obtained a settlement of $7.76 million for the class. In a related appeal, we successfully challenged the dismissal of the company's auditors, Arthur Andersen. The ruling clarified plaintiffs' obligations to allege damages under the Securities Act of 1933. **Garbini v. Protection One, Inc.,** [Current Binder] Fed. Sec. L. Rep.(CCH) ¶92,018 (9th Cir. October 11, 2002).

**In Re Providian Financial Corporation Derivative Litigation,** Case No. 401954 (California Superior Court, City and County of San Francisco). Co-Lead Counsel in shareholder derivative action alleging breaches of fiduciary duty and insider trading by officers and directors of a large sub-prime credit card lender. Case arose from company's undisclosed change of accounting for customer bankruptcies and alleged failure to maintain adequate reservers for uncollectible accounts. After extensive document discovery we obtained a settlement of $6.5 million for the company.

**In Re Structural Dynamics Research Corporation Derivative Litigation,** Case No. C-1-94-650 (Southern District of Ohio). Co-Lead Counsel in shareholder derivative action arising from earnings restatement resulting from accounting fraud in the Far East operations of NASDAQ-listed computer software company. After extensive discovery, we obtained a settlement of $5.0 million for the company. (SDRC)

**In Re S3 Derivative Litigation,** No. CV-77-0254 (California Superior Court, Santa Clara County). Co-lead counsel in shareholder derivative litigation involving S3, now known as SonicBLUE Corporation, which was a leading manufacturer of graphics accelerator chips. Case arose from earnings restatements and alleged insider trading resulting from improper recognition of revenue on sales in Far East. After discovery, we obtained a cash settlement of $4.65 million for the company, which represented the bulk of insider trading damages. (SBLU)

**In Re VISX Securities Litigation.** Master File No. C94-2-649-RPA (Northern District of California). Co-Lead Counsel in securities class action arising from misrepresentations as to status of clinical trials by a NASDAQ-listed laser vision correction company. We obtained a  settlement of $4.0 million for the class. (VISX)

**Isaac v. Falcon Classic Cable Income Properties, L.P., et al.,** No. BC-177205 (California Superior Court, Los Angeles County). Lead Counsel in class action arising from general partner's purchase of the assets of a cable television limited partnership at

allegedly inadequate price. We obtained a recovery of $2.8 million for the limited partners.

**Bilunka v. Sanders,** [1994-95 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶98,314 (N.D. Cal. 1994). Co-lead counsel in shareholder derivative action arising from misrepresentations by officers and directors of Advanced Micro Devices, a leading microchip manufacturer, regarding a purportedly "clean" clone of a microchip developed by Intel Corporation. The opinion by Judge Ware of the Northern District of California established two key principles for California derivative cases: (1) California's insider trading statute, Corporations Code §25502.5, applies to California based corporations incorporated in Delaware, and (2) where the board of directors is evenly divided between interested and disinterested members, a shareholder demand upon the board is futile and therefore excused. We ultimately obtained a recovery of $2.25 million for the company.

**In re IDB Communications Group, Inc. Securities Litigation,** Master File No. CV-94-3618-RG (JGX) (Central District of California). Co-Lead Counsel in shareholder derivative action arising from misleading financial statements issued by NASDAQ-listed telecommunications company. We obtained a settlement of $2.0 million for the company.

**In re Atchison Casting Corporation Securities Litigation,** Master File No. 01-2013-JWL (District of Kansas). Lead Counsel in a securities class action arising from the restatement of four years' of audited financial results by this Kansas-headquartered operator of 20 ferrous casting facilities, following revelation of accounting improprieties at the company's Pennsylvania Foundry Group. We obtained a settlement of $1.8 million for the class.

**In Re Bexar County Health Facilities Development Corporation Securities Litigation,** MDL 768 (Eastern District of Pennsylvania). Co-Lead Counsel in securities class action arising from default of industrial revenue bonds issued to finance a retirement facility in San Antonio, Texas. We obtained a settlement of $1.5 million for the class.

**Eleanor Gorsey, et al. v. I.M. Simon & Co., Inc., et al.,** 121 F.R.D.135 (D. Mass 1988). Co-Lead Counsel in securities class action litigation arising from default of industrial revenue bonds issued to finance a retirement facility in South Bend, Indiana. We obtained a settlement of $1.2 million for the class.

**Sheehan v. Little Switzerland,** 136 F. Supp. 2d 301 (D. Del 2001). Lead counsel in securities class action arising from failed merger between Little Switzerland, Inc., a duty-free retailer, and Destination Retail Holdings Corporation, a Bahamian retailer. The court upheld plaintiff's claim that the company's disclosures regarding the financing for the merger were false and misleading, and that plaintiff's allegations of wrongful intent satisfied the strict pleading standards of the Private Securities Litigation Reform Act of 1995. We obtained a recovery of $1.05 million for the class, representing approximately 75% of estimated damages. (LSVI)

**Veterinary Centers of America Securities Litigation**, Case No. BC 178 615 (California Superior Court, Los Angeles County). Lead Counsel in shareholder derivative action arising from misrepresentations and insider trading by officers and directors of publicly traded chain of veterinary hospitals. We obtained a recovery of $1.0 million for the company. (VCAI)

**Cirrus Logic Securities Litigation**, Master File No. C-95-3978-EAI (Northern District of California). Lead Counsel in shareholder derivative action resulting from overstated financial statements and other violations of generally accepted accounting principles by large manufacturer of multimedia products. We obtained a settlement of $1.0 million for the company. (CRUS)

Schubert & Reed LLP has also participated as counsel in class action or derivative cases involving the following companies:

3M Corporation (MMM)
aaiPharma Inc. (AAII)
ABM Industries Incorporated (ABM)
Abbott Laboratories, Inc. (ABT)
Activision, Inc. (ATVI)
Adaptec, Inc. (ADPT)
Adobe Systems Incorporated (ADBE)
Adelphia Communications Corporation (ADLA)
Advanced Micro-Circuits Corporation (AMCC)
Advanced Micro Devices (AMD)
Alcatel Alsthom (ALA)
Amazon.com, Inc. (AMZN)
America First Financial (AFFFZ)
America Online, Inc. (AOL)
American Bank Note Holographics, Inc. (ABH)
American Express Company (AXP)
American Income Life Insurance Company
Archer-Daniels-Midland Company (ADM)
Ariba, Inc. (ARBA)
Ash Grove Cement Company (ASHG.PK)
Aspec Technology, Inc. (ASPC)
Assisted Living Concepts, Inc. (ALF)
Atchison Casting Corp. (FDY)
Aurora Foods, Inc. (AOR)
Bay Area Cellular Telephone Co. (BACTC)
Blockbuster Video (BBI)
Borders Group, Inc.
Boston Scientific Corporation (BSX)
Bre-X Corporation (BXMN)
Broadcom Corporation (BRCM)

Brocade Communications Systems, Inc. (BRCD)
California Amplifier, Inc. (CAMP)
Callidus Software Inc. (CALD)
Candies, Inc. (CAND)
Caremark, Inc. (CMX)
Caremark International Inc.
Caribbean Cigar Co. (CIGRD, CIGRW)
Centennial Technologies, Inc. (CENL)
Chalone Wine Group Ltd.
Charles Allmon Trust
Chiron Corporation
Cisco Systems, Inc. (CSCO)
Citizen Utilities Company (CZN)
CNF, Inc. (CNF)
Complete Management, Inc. (CPMI)
CompuMed, Inc. (CMPD)
Coram Healthcare Corporation (CRH)
Corrpro Cos. Inc. (CO)
Creative Technology Ltd. (CREAF)
Critical Path, Inc. (CPTH)
Cyberguard Corporation (CYBG)
Cylink Corporation (CYLK)
Del Global Technologies Corporation (DGTC)
Digital Equipment Corp. (DEC pa)
Digital Lightwave, Inc. (DIGL)
Ditech Communications Corp. (DITC)
DoubleClick, Inc. (DCLK)
eBay, Inc. (EBAY)
Electronic Arts, Inc. (ERTS)
Employee Solutions, Inc. (ESOL)

Emulex Corporation (EMLX)
Enron Corporation
Fen-Phen Diet Pill Litigation
Fine Host Corp. (FINE)
First Merchants Acceptance Corp. (FMAC)
First Virtual Communications, Inc. (FVC)
Flat Glass Antitrust Litigation
FLIR Systems Inc. (FLIR)
Ford Motor Company (F)
Formula One Administration, Ltd.
FPA Medical Management, Inc. (FPAM)
Frederick's of Hollywood
Fujitsu Computer Products of America
FVC.COM, Inc. (FVCC)
Gateway, Inc. (GTW)
Gencor Industries, Inc. (GCRX)
Genzyme Corporation (GENZ)
Greyhound Lines, Inc. (BUS)
Guidant Corporation (GDT)
H&R Block, Inc. (HRB)
Hanover Compressor Company (HC)
HealthSouth Corporation (HLSH )
Herbalife International, Inc. (HERBA)
Hewlett-Packard Corporation (HPQ)
The Home Depot, Inc. (HD)
Honda Motor Company (HMC)
HPL Technologies, Inc. (HPLA)
Indianapolis Motor Speedway Corp.
Impac Mortgage Holdings, Inc. (IMH)
Informix Corporation (IFMX)
Inso Corporation (INSO)
Intel Corporation (INTC)
Intershop Communications AG (ISHP)
Interspeed, Inc. (ISPD)
JDS Uniphase Corporation (JDSU)
JWP, Inc.
Ketema
Kidder Peabody & Co.
Kinder Morgan
Knoll, Inc.(KNL)
Koger Properties
Legato Systems, Inc. (LGTO)
Lernout & Hauspie Speech Products, N.V.
(LHSP)
Littlefield, Adams & Company (FUNW)
Logitech, Inc.

Louisiana-Pacific Corporation (LPX)
Macromedia, Inc. (MACR)
Marsh & McLennan Companies, Inc. (MMC)
Martha Stewart Living Omnimedia, Inc. (MSO)
Maxxam, Inc. (MXM)
McKesson HBOC, Inc. (HBOC)
Medaphis Corporation (MEDA)
Media Vision
Med/Waste, Inc. (MWDSE)
Mercury Finance Company (MFNNQ)
Mercury Interactive Corporation (MERQ)
Micron Technology, Inc, (MU)
Mirant Corporation (MIR)
Mitek Systems, Inc. (MITK)
Molina Healthcare, Inc. (MOH)
Motorcar Parts & Accessories, Inc. (MPAA)
NetManage, Inc. (NETM)
Netopia, Inc. (NTPA)
Network Computing Devices, Inc. (NCDI)
Network Solutions, Inc. (NSOL)
New Century Financial Corporation (NCEN)
Networks Associates, Inc. (NETA)
Network Solutions, Inc.
North Face Inc. (TNFI)
Novartis AG (NVS)
OCA, Inc. (OCA)
Orbital Sciences Corporation (ORB)
Pacific Gateway Enterprises
Pacific Telephone Company
Palm, Inc. (PSRC)
PalmOne, Inc. (PLMO)
PennCorp Financial Group, Inc. (PFG)
PeopleSoft, Inc. (PSFT)
Peregrine Systems, Inc. (PRGN)
PerkinElmer, Inc. (PKI)
Philip Services Corporation
Phycor, Inc. (PHYC)
Presstek Inc. (PRST)
Protection One, Inc. (US:POIX)
Providian Financial Corporation (PVN)
Quaker State Corporation (KSF)
Qwest Communications International Inc. (Q)
Quantum Corporation (DSS)
Quintus Corporation (QNTS)
Quovadx, Inc. (QVDX)
Rambus, Inc. (RMBS)
Riverstone Networks, Inc. (RSTN)

Roberds, Inc. (RBDS)
Saf T Lok, Inc. (LOCK)
Safeskin Corporation (SFSK)
Safety-Kleen Corporation (SKLN)
Salomon Bros.
Schlotzsky's Inc. (BUNZ)
Seagate Technology Inc. (SEG)
Secure Computing Corporation (SCUR)
Shiva Corporation (SHVA)
Silicon Graphics, Inc. (SGI)
Silicon Image, Inc. (SIMG)
Silicon Storage Technology, Inc. (SSTI)
Sipex Corporation (SIPX)
Sirena Apparel Group,Inc. (SIRN)
SmarTalk Teleservice, Inc. (SMTK)
Sonus Networks, Inc. (SONS)
Sony Computer Entertainment America, Inc.
Spanlink Communications, Inc. (SPLK)
Spectrum Information Technologies, Inc. (SITI)
Sprint Spectrum L.P. (FON)
Star Gas Partners, L.P. (SGU)
Sumitomo Metal Industries, Ltd. (SMMLY)
Summit Technology, Inc. (SMCT)

SupportSoft, Inc. (SPRT)
Sybase, Inc. (SYBS)
Syncronys Softcorp (SYCR)
T2
Telebit Corporation
Telxon Corporation (TLXN)
Tenera, Inc. (TNR)
Terayon Communication Systems, Inc. (TERN)
Tibco Software, Inc. (TIBX)
Toys R Us, Inc. (TOY)
Tut Systems, Inc. (TUTS)
TwinLab Corporation (TWLB)
Unify Corporation (UNFY)
U.S. Trust Corporation
U.S. West, Inc. (USW)
U.S. Wireless Corporation
Ventro Corporation
Verisign, Inc. (VRSN)
Versata, Inc. (VATA)
Websecure, Inc. (WEBS)
Worldcom, Inc. (WCOEQ)
Xicor, Inc.

## ATTORNEYS

**ROBERT C. SCHUBERT** received a B.S. degree from the New York State School of Industrial and Labor Relations at Cornell University in 1966, where he graduated first in his class. He received his J.D. cum laude from Harvard Law School in 1969, after which he taught law, first at the Columbia University School of Law (1969-1970), and then at Golden Gate University School of Law (Assistant Professor, 1970-1975). Since that time he has been actively engaged in the practice of law, at both the trial and appellate levels. He specializes in complex litigation, particularly securities and antitrust class actions and shareholder derivative suits. He is a member of the State and Federal bars of California (since 1974), Massachusetts (since 1972) and New York (since 1970). In addition he has been admitted pro hac vice in the following courts, among others: United States District Courts for the Eastern District of Pennsylvania, the Middle District of Florida, the Northern District of Georgia, the Southern District of Ohio, the Western District of Oklahoma, the Western and Northern Districts of Texas, the Northern and Central Districts of Illinois, the Districts of Colorado, Oregon, Delaware, Utah, Montana, Arizona and New Hampshire, the Superior Courts of Alabama, Alaska, Colorado and Illinois, and the Delaware Court of Chancery. He has participated in discovery proceedings throughout the United States and the United Kingdom. He is also an arbitrator, and since 1971 has arbitrated numerous disputes under the auspices of the Federal Mediation and Conciliation Service. He is the author of several published articles.

**JUDEN JUSTICE REED** obtained his A.B. degree from Columbia University in 1983. He was awarded his J.D. degree by Fordham University School of Law in New York, and served as Editor-in-Chief of the Fordham International Law Journal. Mr. Reed was admitted to the practice of law in Connecticut in 1986, in New York in 1989 and in California in 1991. He specializes in both complex litigation and in corporate law, including corporate finance, securities regulation and mergers and acquisitions. Mr. Reed has devoted extensive time to corporate governance litigation in recent years, including the negotiated adoption of comprehensive corporate governance reforms in resolution of shareholder derivative actions, both preceding and following the enactment of the Sarbanes-Oxley Act of 2002. Mr. Reed has been admitted pro hac vice in numerous federal and state courts, and has participated in the prosecution and defense of cases throughout the United States and before the U.S. - Iran Claims Tribunal at The Hague, Netherlands. Previously, Mr. Reed was associated with Wall Street's Carter, Ledyard & Milburn, where he was actively involved in corporate finance, mergers and acquisitions and represented both issuers and underwriters in the public sale of securities. Mr. Reed is presently an advisor to the Institute for Law and Economic Policy.

**WILLEM F. JONCKHEER** received his B.A. degree from Colgate University in 1990. He was awarded his J.D. degree in 1995 from the University of San Francisco School of Law. He has been a law intern with the Pacific Stock Exchange and the U.S. Securities & Exchange Commission. Mr. Jonckheer was admitted to the State Bar of California in 1995.

**MIRANDA P. KOLBE** received her B.A. from Hamilton College in 1984. She was awarded her J.D. degree in 1999 from the University of California at Berkeley, Boalt Hall. She served as a full-time legal researcher in the Civil Division of the San Francisco Superior Court during 2000-2001. Ms. Kolbe was admitted to the State Bar of California in 2001.

**KIMBERLY A. KRALOWEC** received her B.A. degree from Pomona College in 1989. She was awarded her J.D. degree in 1992 from the University of California, Davis, School of Law, where she served as Senior Articles Editor of the U.C. Davis Law Review. Ms. Kralowec was admitted to the State Bar of California in 1992. She served as Judicial Clerk to Judge David Mannheimer of the Alaska Court of Appeals (1992-1993) and is a former partner of Severson & Werson in San Francisco (2000-2001; Associate, 1996-2000). She was Of Counsel to The Furth Firm LLP in San Francisco for six years (2001-2008). She currently serves as a member of the Board of Governors of Consumer Attorneys of California.

**AARON H. DARSKY** received his B.A. from Michigan State University College of Business in 1990. He was awarded his J.D. degree in 1998 from the Golden Gate University School of Law, with a Certificate of Specialization in Litigation. He has been a law intern with the Santa Clara County Office of the Public Defender and a teaching assistant in the Litigation Program at Golden Gate University School of Law for Professor Bernard Segal. Mr. Darsky was admitted to the State Bar of California in 2001 and is also admitted to practice in the United States District Courts for the Northern, Central and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit.

**DUSTIN L. SCHUBERT** received his B.A. from University of California at Berkeley in 2003. He was awarded his J.D. degree in 2007 from Vanderbilt University Law School. Mr. Schubert was admitted to the State Bar of California in 2007. Mr. Schubert previously interned with the Superior Court of California in and for the City and County of San Francisco, for the Hon. A. James Robertson II. Mr. Schubert has also interned for Bay Area Legal Aid.

**Rep. Edolphus Towns (D) NY**
represents:    10th District New York

contact:
**Washington, D.C. Office:**
2232 Rayburn House Office Building 2232 RHOB
Washington, D.C. 20515-3210
**Phone:** (202) 225-5936
**Fax:** (202) 225-1018

**Brooklyn Offices:**

1.  26 Court Street, #1510
    Brooklyn, NY  11242
    **Phone:** (718) 855-8018
    **Fax:** (718) 858-8542

2.  1110 Pennsylvania Avenue, Store 5
    Brooklyn, NY  11207
    **Phone:** (718) 272-1175
    **Fax:** (718) 272-1203

3.  1670 Fulton Street
    Brooklyn, NY  11213
    **Phone:** (718) 774-5682
    **Fax:** (718) 774-5730

4.  2294 Nostrand Avenue
    Brooklyn, NY  11203
    **Phone:** (718) 434-7931
    **Fax:** (718) 434-7932

-----------------------------------------------------------------------------------------------------------

**Rep. Carolyn B. Maloney (D) NY**
represents:  14th District of New York

contact:
**Washington, D.C. Office:**
2331 Rayburn House Office Building 2331 RHOB
Washington, D.C.  20515-3214
**Phone:** (202) 225-7944
**Fax:** (202) 225-4709

**New York Office:**
1651 Third Avenue, #311
New York, NY  10128
**Phone:** (212) 860-0606
**Fax:** (212) 860-0704

**Astoria Office:**
28-11 Astoria Boulevard
Astoria, NY  11102
**Phone:** (718) 932-1804
**Fax:** (718) 932-1805

-----------------------------------------------------------------------------------------------------------

**Rep. Brian Higgins (D) NY**
represents:     27th District of New York

contact:

    **Washington, D.C. Office:**
    431 Cannon House Office Building 431 CHOB
    Washington, D.C.  20515-3227
    **Phone:** (202) 225-3306
    **Fax:** (202) 226-0347

    **Buffalo Office:**
    726 Exchange Street, Suite 601
    Buffalo, NY  14210
    **Phone:** (716) 852-3501
    **Fax:** (716) 852-3929

    **Jamestown Office:**
    2 East 2nd Street, Suite 300
    Jamestown, NY  14701
    **Phone:** (716) 484-0729
    **Fax:** (716) 484-1049

---

**Rep. John M. McHugh (R) NY**
represents:     23rd District

contact:

    **Washington, D.C. Office:**
    2366 Rayburn House Office Building 2366 RHOB
    Washington, D.C.  20515-3223
    **Phone:** (202) 225-4611
    **Fax:** (202) 226-0621

    **Watertown Office:**
    120 Washington Street, Suite 200
    Watertown, New York 13601-2576
    **Phone:** (315) 782-3150
    **Fax:** (315) 782-1291

    **Mayfield Office:**
    28 North School Street, PO Box 800
    Mayfield, New York 12117
    **Phone:** (518) 661-6486
    **Fax:** (518) 661-5704

    **Plattsburgh Office:**
    104 Federal Building
    Plattsburgh, New York 12901-2938
    **Phone:** (518) 563-1406
    **Fax:** (518) 561-9723

    **Canastota Office:**
    205 South Peterboro Street
    Canastota, New York 13032
    **Phone:** (315) 697-2063
    **Fax:** (315) 697-2064