UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JUDY M. WALDMAN as trustee for the
Claire Waldman trust, as an individual and
on behalf of all others similarly situated,

            Plaintiff,

    - against -

WACHOVIA CORPORATION and
WACHOVIA SECURITIES, LLC,

           Defendants.

------------------------------------------------------X

**MEMORANDUM**
**OPINION**
**AND ORDER**

08 Civ. 2913 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/09

SHIRA A. SCHEINDLIN, U.S.D.J.:

      Plaintiffs – purchasers of auction rate securities from defendants Wachovia Corporation and Wachovia Securities LLC – brought this securities fraud action pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Plaintiffs now move to lift in part the discovery stay in place in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Specifically, plaintiffs are requesting that defendants produce to them a set of documents that defendants have already produced to state and federal authorities pursuant to regulatory investigations. For the reasons set forth below, plaintiffs' motion to lift the discovery stay in part is granted.

The PLSRA imposes a stay of discovery while a motion to dismiss is pending. Specifically, the statute states,

> In any private action arising under [federal securities law], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.[1]

Although plaintiffs have suggested numerous alternative scenarios under which the discovery stay may be lifted, this Court is bound by the unambiguous terms of the statute. The discovery stay may be lifted *only* when the request is sufficiently particularized *and* when maintenance of the stay would either generate an impermissible risk of the destruction of evidence or create undue prejudice.

It is undisputed that the discovery plaintiffs request is sufficiently particularized, as it is limited to a set of documents already provided to state and federal regulators. However, production of these documents cannot be used – as plaintiffs envision – as a means to identify other materials that would be subject to further requests. A string of requests, even a string of individually particularized requests – is not sufficiently particularized at the outset. Allowing seriatim requests would undermine the purpose of the PLSRA discovery stay – to reduce

---

[1] 15 U.S.C. § 78u-4(b)(3)(B).

the burden of discovery prior to a securities fraud claim surviving a motion to dismiss and prevent so-called fishing expeditions.

More importantly, plaintiffs have not demonstrated that lifting the discovery stay is necessary to preserve documents. Although plaintiffs assert that "it is more likely that documents could be lost, misplaced, or destroyed" due to defendants' recent merger with Wells Fargo,[2] it is undisputed that the documents in question are safely in the hands of government regulators. As noted above, plaintiffs cannot assert a need for discovery for the purpose of identifying *further* discovery to be produced prior to resolution of the motion to dismiss, even if later requests would identify documents solely in defendants' possession (and thus incrementally more likely to be lost, misplaced, or destroyed). Moreover, the Court must give some credence to defendants' express assurance "that [they have] taken, and will continue to take, all prudent steps to preserve relevant evidence."[3]

However, plaintiffs have shown that they will be unduly prejudiced unless the discovery stay is partially lifted. One of the principal purposes of the PSLRA discovery stay is to eliminate the cost of discovery before the potential

---

[2] Memorandum of Law in Support of Lead Plaintiffs' Motion to Partially Lift the PSLRA Discovery Stay at 12.

[3] Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Partially Life the PSLRA Discovery Stay at 16 n.20.

merit of a case is assessed at the motion to dismiss phase. However, that burden is slight when a defendant has "already found, reviewed and organized the documents."[4] Given the unique procedural posture of this litigation, lead plaintiffs must determine whether to continue with this case despite the settlement reached between defendants and the SEC, which will afford some compensation to the plaintiff class. The unavailability of the documents plaintiffs have requested places a burden on their ability to make that determination. In balancing the burden to defendants against the potential prejudice to plaintiffs, the balance favors plaintiffs, based on the lack of any cost to defendants to produce those documents and plaintiffs' unusual need for an early review of crucial records.

       For the reasons described above, plaintiffs' motion to lift the PSLRA discovery stay in part is granted.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
               January 12, 2009

---

[4]    *In re LeBranche Secs. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (citing *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, No. MDL-1446, 2002 WL 31845114, at *1 (S.D. Tex. Aug. 16, 2002)).

## - Appearances -

### For Plaintiffs:

Aaron Michael Sheanin, Esq.
Jonathan K. Levine, Esq.
A.J. De Bartolomeo, Esq.
Christina H. C. Sharp, Esq.
Daniel Charles Girard, Esq.
Girard Gibbs & De Bartolomeo, LLP
160 Sansome Street
San Francisco, California 94104
(914) 981-4800

Christopher Adam Seeger, Esq.
David R. Buchanan, Esq.
Stephen A. Weiss, Esq.
Seeger Weiss LLP
One William Street, 10th Floor
New York, New York 10004
(212) 584-0700

### For Defendants:

Claudia Leslie Hammerman, Esq.
Brad Scott Karp, Esq.
Charles Edward Davidow, Esq.
Paul, Weiss, Rifkind, Wharton
    & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-2384

Alice Leslie McCarthy, Esq.
Brian A. Herman, Esq.
Kevin Thomas Rover, Esq.
Mark S. Mandel, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue, 37th Floor
New York, New York 10178
(212) 309-6000