# GIRARD GIBBS LLP

Attorneys at Law

601 California Street, 14th Floor | San Francisco, CA 94108-2819
Tel: 415.981.4800 | Fax: 415.981.4846 | www.girardgibbs.com

*[Handwritten order across top of page:]* Plaintiffs' request is granted. Plaintiffs shall notify this Court with regard to the issue of substitution by September 2, 2009, either via letters requesting premotion conference or submission of an order as described herein. Thereafter, if an order is entered issued granting Lead Plaintiffs' request to withdraw and substitute proposed lead plaintiffs, lead Plaintiffs will file an amended complaint within 10 days of the issuance of the order, but not before September 16, 2009. Defendants shall have 45 days thereafter to answer, respond or move to dismiss. In the event that defendants move to dismiss, Lead Plaintiff will have 30 days will from date of service to file an opposition to the motion to dismiss and defendants will have 21 days from date of service of the opposition, to file a reply to the opposition.

*[Stamp:]* CHAMBERS OF / AUG 0 4 2009 / JUDGE SCHEINDLIN

August 4, 2009

**VIA FACSIMILE**

The Honorable Shira A. Scheindlin
United States District Court
500 Pearl St., Room 1620
New York, NY 10007

Re:   **Judy M. Waldman v. Wachovia Corporation, et al.**
      **Case Number: 08-cv-02913 (SAS)**

*[Handwritten:]* Date: 8/5/09    SO ORDERED / Shira A. Scheindlin, USDJ

Dear Judge Scheindlin:

We are counsel for Lead Plaintiffs Arthur Maxwell, Curlin Inc., Ralph Ohlers and Jackie Ohlers (collectively, "the Maxwell Group") in the above-referenced matter. We write to advise the Court in regards to the status of the litigation and to propose a schedule for further proceedings.

This Court issued an order on January 12, 2009 granting Lead Plaintiffs' motion to partially lift the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Docket No. 37. Thereafter, the parties negotiated a confidentiality agreement which this Court entered on February 6, 2009. *See* Docket No. 38. From February through late April, Defendants produced more than 700,000 pages of documents, which Lead Plaintiffs' counsel has reviewed in their entirety.

Wachovia has also completed the repurchase of auction rate securities contemplated by its agreement with federal and state regulators. The relief contemplated by that agreement extends only to persons who purchased auction rate securities *directly* from Wachovia and its affiliate A.G. Edwards & Sons, Inc., however. The Wachovia repurchase offer does not extend to persons who purchased auction rate securities for which Wachovia served as auction manager, even though the SEC permanently enjoined Wachovia from violating Section 15(c) under the Securities Exchange Act of 1934, which prohibits "the use of manipulative or deceptive devices by broker-dealers," and the New York Attorney General's Assurance of Discontinuance states that Wachovia submitted support bids for auction rate securities for which it was sole or lead manager and that "investors were [ ] not aware that the auction rate

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/09

To:  The Honorable Shira A. Scheindlin
**Re:  <u>Judy M. Waldman v. Wachovia Corporation, et al</u>**
August 4, 2009
Page 2.

securities market was dependent on Wachovia's use of support bids for its operation." Persons who acquired auction rate securities managed by Wachovia or A.G. Edwards through a so-called "remarketer" or "downstream" seller continue to hold illiquid securities.

Defendants have advised us that they believe that Wachovia's repurchase of securities pursuant to the regulatory settlement has the effect of mooting the claims of the Lead Plaintiffs. Judge McKenna so held when he ruled in *In re UBS Auction Rate Securities Litigation*, 08-cv-2967 (LMM), 2009 U.S. Dist. LEXIS 26385 (S.D.N.Y. Mar. 30, 2009), that plaintiffs who had accepted a similar repurchase offer had relinquished their claims under Rule 10b-5. Without conceding the issue, Lead Plaintiffs believe this litigation should be directed at obtaining relief for those individuals who continue to hold illiquid auction rate securities. Thus, the members of the Maxwell Group wish to withdraw and to substitute as Lead Plaintiffs investors who continue to hold illiquid auction rate securities "supported" by Defendants.

We have conferred with counsel for Defendants and the parties have agreed to the following schedule for the submission of an amended complaint and further proceedings in regards to the issue of substitution:

- Lead Plaintiffs' counsel will transmit a proposed amended complaint to defense counsel no later than August 21, 2009.

- Counsel for Defendants will advise Lead Plaintiffs' counsel whether Defendants oppose the substitution of Lead Plaintiffs no later than August 28, 2009.

  o If Defendants oppose substitution, the parties will promptly submit the issue to the Court by way of pre-motion conference letters, unless the Court directs us to do otherwise.

  o If Defendants do not oppose substitution, Lead Plaintiffs will seek prompt entry of an order granting the request of Lead Plaintiffs to withdraw and substitute proposed Lead Plaintiffs, subject to any process the Court deems appropriate.

- Within 10 days of an order granting the request of Lead Plaintiffs to withdraw and substitute proposed Lead Plaintiffs, counsel for Lead Plaintiffs will file an amended complaint. Per Defendants' request, the amended complaint will be filed after September 8, 2009.

- Defendants will answer, respond or move to dismiss the amended complaint within 45 days of its filing. If Defendants move to dismiss the amended complaint, the parties propose the following schedule:

  o Lead Plaintiffs will file any opposition to the motion to dismiss within 30 days of service of the moving papers;

  o Defendants will file any reply in support of the motion to dismiss within 21 days of service of any opposition papers.

To:    The Honorable Shira A. Scheindlin
**Re:    Judy M. Waldman v. Wachovia Corporation, et al**
August 4, 2009
Page 3.

If the Court approves this proposed schedule, we respectfully request that the Court so indicate by memo-endorsing this letter. Alternatively, we would welcome the opportunity to discuss these matters by telephone or in person if the Court believes a conference would be helpful.

Very truly yours,
**GIRARD GIBBS LLP**

Daniel C. Girard

Cc:    Claudia Hammerman, Esq. (via facsimile)
David Brown, Esq. (via facsimile)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone 212-373-3000
Fax 212-757-3990
E-mail: CHammerman@paulweiss.com
E-mail: DBrown@paulweiss.com