UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDY M. WALDMAN as trustee for the
Claire Waldman trust, as an individual and
on behalf of all others similarly situated,

        Plaintiff,

  - against -

WACHOVIA CORPORATION and
WACHOVIA SECURITIES, LLC,

        Defendants.

------------------------------------------------------------X

<u>MEMORANDUM
OPINION AND
ORDER</u>

08 Civ. 2913 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      Plaintiffs – purchasers of auction rate securities ("ARS") from defendants Wachovia Corporation and Wachovia Securities LLC – brought this securities fraud action pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934. By letter dated August 4, 2009, lead plaintiffs Arthur Maxwell, Curlin Inc., Ralph Ohlers, and Jackie Ohlers (collectively, "the Maxwell Group") informed the Court that they would seek to withdraw and substitute lead plaintiffs because the ARS held by the Maxwell Group had been repurchased by

defendants.[1] On August 21, 2009, pursuant to this Court's August 5, 2009 Order, the Maxwell Group transmitted a proposed Amended Complaint to defendants and asked whether defendants would oppose the substitution of Lead Plaintiffs.[2] On August 28, 2009, defendants notified the Maxwell Group that they intended to oppose substitution.[3] By letter dated September 2, 2009, the Maxwell Group requested a pre-motion conference regarding the Maxwell Group's motion to withdraw and substitute lead plaintiffs.[4]

On September 8, 2009, defendants submitted a letter to the Court opposing the Maxwell Group's proposed motion on the grounds that the Amended Complaint altered the class definition and the theory of the case.[5] Defendants contend that such alterations require new notice under the Private Securities Litigation Act of 1995 ("PSLRA").[6]

---

[1] *See* 8/4/09 Letter from Daniel C. Girard, counsel for the Maxwell Group, to Court, at 2.

[2] *See* 9/2/09 Letter from Daniel C. Girard, counsel for the Maxwell Group, to Court, at 2.

[3] *See id.*

[4] *See id.*

[5] *See* 9/8/09 Letter from Claudia Hammerman, counsel for defendants, to Court ("Hammerman Letter"), at 1. *Accord* 15 U.S.C. § 78u-4(a)(3)(A).

[6] *See id.*

The PSLRA requires "not later than 20 days after the date on which the complaint is filed . . . a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period."[7] This requirement is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation[,] parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders."[8] Although courts typically disfavor republication when a complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members.[9]

Plaintiffs' original Complaint alleges a sales practices case, claiming defendants were liable for allegedly misrepresenting the liquidity of ARS to its

---

[7]   15 U.S.C. § 78u4(a)(3)(A).

[8]   H.R. Conf. Rep. No. 104-368, at 32 (1995).

[9]   See, e.g., In re Cybertronics, Inc. Sec. Litig., 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) (requiring republication where the amended complaint "substantially expand[ed] the potential class of plaintiffs by adding new claims and significantly expanding the class period"); In re LeapFrog Enters., Inc. Sec. Litig., No. 03 Civ. 5421, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (requiring republication where the consolidated complaint included new allegations and expanded the class period by nine months); Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., No. 05 Civ. 1989, 2005 WL 1322721, at *3 (S.D.N.Y. June 1, 2005); In re Select Comfort Corp. Sec. Litig., No. 99 Civ. 884, 2000 WL 35529101, at *7-*8 (D. Minn. Jan. 27, 2000) (requiring new notice where "entirely new factual and legal allegations . . . affect[ed] a new class of plaintiffs").

customers.[10] In addition, the Complaint defines the class as "all persons and entities who *purchased auction rate securities from Wachovia* between March 19, 2003 and February 13, 2008, inclusive, and continued to hold auction [sic] securities as of February 13, 2008."[11] It was this class to which the PSLRA mandated notice was directed. The proposed Amended Complaint "now centers on allegations of market manipulation in the conduct of ARS auctions and the proposed class includes anyone who purchased ARS in any auction in which Wachovia served as a lead auction dealer (including in actions where there were multiple lead auction dealers)."[12] Furthermore, the proposed Amended Complaint defines the class as "all persons or entities that between March 13, 2003 and February 13, 2008, inclusive, purchased auction rate securities for which Wachovia . . . served as sole auction dealer, lead auction dealer, co-lead auction dealer or joint lead auction dealer."[13] The Maxwell Group's new proposed class and claims extend far beyond the class and claims proposed by the original Complaint.

---

[10] *See* Compl. ¶ 12.

[11] *Id.* (emphasis added).

[12] Hammerman Letter at 2 (citing Proposed Amend. Compl. ¶ 18).

[13] *Id.* at 2 n.2 (quoting Proposed Amend. Compl. ¶ 18). It is unclear from defendants' letter whether plaintiffs seek to enlarge the class period by five days from March 18, 2003 to March 13, 2003, or if "March 13, 2003" is an error.

4

Therefore, new class members are entitled to notice regarding their claims and potential lead plaintiffs are entitled to a reasonable opportunity to identify themselves and present themselves for the Court's consideration. Accordingly, the Maxwell Group must provide a new publication notice to members of the putative class akin to that described in the PSLRA and wait the requisite sixty days prior to filing a motion for substitution.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          September 14, 2009

## - Appearances -

**For Plaintiffs:**

Daniel Charles Girard, Esq.
Girard Gibbs & De Bartolomeo, LLP
160 Sansome Street
San Francisco, California 94104
(914) 981-4800


**For Defendants:**

Claudia Leslie Hammerman, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-2384